T. I. HARE POWEL, EXECUTOR, ESTATE OF HOPE IVES POWEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9888. Promulgated January 24, 1928.

*Edward Bradford*, *Esq.*, for the petitioner.
*R. E. Copes*, *Esq.*, for the respondent.

**OPINION.**

TRAMMELL: The only issue involved in this proceeding is the valuation of the properties set out in the findings of fact, for estate-tax purposes, on March 10, 1922, the date of the decedent's death. The executor contends that the values reported by him were the fair market values on March 10, 1922, while the respondent contends that the values determined by him represent the fair market values at the time of Mrs. Powel's death.

In support of his contention the petitioner introduced the deposition of W. S. Gilman, a resident of Sioux City, Iowa, for 50 years, who, since 1895, has been engaged in the real estate business in that city. In addition to owning 8,000 or 10,000 acres of land in northeastern Nebraska and western Iowa, which are the vicinities in which the lands owned by the decedent at the time of her death are situated, he, immediately prior to March 10, 1922, had owned and handled as agent of his clients about 40,000 acres of land. Since 1893 Gilman has been acquainted with the lands involved in this proceeding and since 1901 has been the agent for these lands. In his capacity as agent he arranged leases, paid the taxes, collected the rents and looked after the lands in the same manner as if they were his own.

In his real estate business he has bought and sold many acres of land in the immediate vicinity of the lands involved herein and on March 10, 1922, was familiar with the market values of lands and farming conditions in these localities. He has seen all of the lands involved herein many times and on or just prior to or just subsequent to March 10, 1922, he saw practically all of them. The Powel lands for which Gilman acts as agent comprise about one-sixteenth of all the lands for which he is agent. Gilman's testimony shows that the values placed by him on the properties were arrived at as a result of his knowledge of and experience with these particular properties, together with his experience as owner of and dealer in similar lands located in the same communities.

In support of his determinations the respondent submitted a copy of the appraisal made by the appraiser appointed by the county court of Cedar County, Nebraska, to appraise for state-inheritance-tax purposes the lands located in that State. The values determined by that appraiser are those used by the respondent in so far as the lands in Nebraska are concerned. The evidence does not show what experience or qualifications this person had for performing this kind of service. Neither does it show the factors considered or the method used by him in arriving at his valuation. The evidence in the case to our mind is sufficient to overcome any presumption of the correctness of the action of the county court in approving the appraisal made by the appraiser.

For the year 1922, the total gross rentals received amounted to $4,504, and the net rentals amounted to $2,576. By using the total valuation, $94,000, placed by the petitioner on the properties involved herein, we find that the net return on the land was about 2.7 per cent, whereas, if the total valuation of $152,748.60 as determined by the respondent is used, the net return is only about 1.6 per cent.

From a consideration of all the evidence in the case, it is our opinion that the valuation placed on the property involved as reported by the petitioner is correct.

> *Judgment will be entered on 15 days' notice, under Rule 50.*