ESTATE OF MANUEL STANTON, DECEASED, A.K.A EMMANUEL STANTON, DORIT R. RUSSELL, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Stanton v. Commissioner
Docket No. 34632-87
United States Tax Court
T.C. Memo 1989-341; 1989 Tax Ct. Memo LEXIS 340; 57 T.C.M. (CCH) 961; T.C.M. (RIA) 89341; July 18, 1989
Howard M. Russell, for the petitioner. Philip J. Starr, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined a deficiency of $ 20,907 in the Federal estate tax liability of the estate of decedent, Manuel Stanton. The sole issue for decision is the date-of-death value of residential property. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Decedent died on December 23, 1983, a resident of Los Angeles, California. Included in decedent's estate was property located at 1500 Venice Boulevard, Los Angeles, California. The property consisted of the underlying real property, a one story, single family residence, constructed in 1913, and a detached, two-car garage. The property is located on a corner lot *341 at Louella Avenue and Venice Boulevard. It is zoned R-4 commercial, and measures 46 by 130 feet. On February 27, 1984, a California Probate Referee indicated that the property had a value of at least $ 115,000. On April 19, 1984, an offer from a Mr. Robert Moon to purchase the property for $ 130,000 was received by the estate's representative. The offer was rejected. On July 26, 1984, an offer from a Mr. Paul Plotkin to purchase the property for $ 134,000 was received by the estate's representative. This offer also was rejected, and decedent's heirs indicated to the representative of the estate that an offer of less than $ 160,000 should not be accepted. On October 25, 1984, a revised offer by Mr. Plotkin to purchase the property for $ 160,000 was received. This offer was accepted, and the all-cash sale closed on March 28, 1985. Decedent's Federal estate tax return was filed on September 9, 1984. The property in question was included in the gross estate at a date-of-death value of $ 130,000. On audit, respondent determined that the value of the property was $ 160,000. OPINION *342 For Federal estate tax purposes, property is to be included in the gross estate at its fair market value as of the date of decedent's death. Sec. 2031. [1] Fair market value is defined in the Federal estate tax regulations as the estimated price at which property would be sold in an arm's-length transaction between a willing buyer and a willing seller, neither being under any compulsion to buy or sell the property and both having reasonable knowledge of the relevant facts. Sec. 20.2031-1(b), Estate Tax Regs.; United States v. Cartwright, 411 U.S. 546, 551 (1973). Mere offers to purchase property are not particularly persuasive evidence of fair market value and assessments of value made by local tax assessors or probate court representatives are not controlling. See Estate of Powel v. Commissioner, 10 B.T.A. 166, 170 (1928). Generally, comparable sales of similar properties represent the best evidence of *343 the fair market value of real estate, and a sale of the subject property itself proximate in time to the relevant valuation date is the best evidence of fair market value. Estate of Spruill v. Commissioner, 88 T.C. 1197, 1229, 1233 (1987); Estate of Keller v. Commissioner, T.C. Memo. 1980-450; Estate of Shlensky v. Commissioner, T.C. Memo. 1977-148; Estate of Ballas v. Commissioner, T.C. Memo. 1975-103. In addition to the October, 1984, sale of the subject property, respondent identified two sales that represent sales of properties reasonably comparable to the subject property. The first was a sale of property located at 1138 Venice Boulevard. The second was a sale of property located at 1142 Venice Boulevard. The sale of these two properties occurred in June of 1984 for a total price of $ 320,000 (or $ 160,000 for each property). The two properties are adjacent to each other, in the same neighborhood, are similar in size to the subject property, and are zoned R-4 commercial. Petitioner argues that the sales used by respondent do not represent comparable properties primarily because they occurred approximately *344 six months after decedent's death. Petitioner also argues that a premium would have been paid for the two comparable properties because both were purchased by the same developer, giving the developer greater development potential on those properties than existed on the subject property. Further, petitioner argues that respondent's comparable properties are slightly better situated for development, because they have better access to major roadways. We agree that a slight downward adjustment should be made to the value of the comparable properties to reflect the greater development potential of those properties. We also agree that a slight downward adjustment should be made to the October-1984 sales price of the subject property to reflect that 10 months of appreciation had occurred since the valuation date. Based on the above, we conclude that the subject property had a fair market value on December 23, 1983, of $ 150,000. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect as of the date of decedent's death.↩